*Slagle & Achison*, for defendant.

———•◦•———

WALSH *v.* MURPHY.

An attorney to whom a claim was intrusted for collection and who employed another attorney to commence suit upon it, is not an incompetent witness. An attorney may be a witness for his client.

*Error to Van Buren District Court.*

*Opinion by* KINNEY, J. This was an action of assumpsit, commenced by attachment, upon an account of about five hundred dollars. The precipie for the writ was filed by Hall and Cowgill, attorneys for plaintiff. The pleadings in the case were all conducted by A. Hall, Esq.

The evidence as contained in the bill of exceptions, shows that the plaintiff introduced as a witness, James Cowgill, whose name appeared on the precipie as attorney. He stated that he was an attorney at law of the state of Missouri, that about the first of September, 1847, the account was placed in his hands for collection, that he had visited the defendant and subsequently placed the claim in the hands of Mr. Hall. That he expected to be paid for his services in looking up the claim, &c. Upon the request of counsel for defendant, the court ruled out the testimony of Cowgill, upon the ground that he was incompetent, as there was a *prima facie* liability to the plaintiffs for neglect. Whereupon the plaintiffs submitted to a nonsuit. Two questions are raised in the argument of the case.

1. Was the witness interested in such a manner, as would render him incompetent to testify?

2. Can an attorney in any case, be a witness for his client?

Upon the first point, from a careful examination of the matters sworn to by the witness, we cannot think that his interest was of such a character as should have excluded his testimony from the jury. The rigid rule as formerly obtained in regard to the incompetency of witnesses, appears to be relaxing to some extent, and yielding to the more reasonable one of permitting witnesses who were once regarded as incompetent to testify, leaving their credibility with the jury. Indeed, some of the law writers of the day, are discussing with seriousness, the propriety of dissolving all distinction between competency and incompetency, and referring the testimony of witnesses with all the interest and objections that surround it, to the consideration of the jury, for them to place such reliance upon as it deserves. While there may be apparently many good reasons in support of this position, it cannot be expected that the courts expounding the law as it is, will be influenced by a doctrine so diametrically opposed to the well established land marks of the law.

But in this case, we are asked by the counsel for the defendant in error, to lay down a rule which will prevent attorneys from testifying in behalf of their clients, and in support of this, we are referred to a recent decision made in Pennsylvania, in which Judge Lewis delivers an opinion which is marked for its elegance, if not for its soundness. However high in the estimation of that learned judge, the members of the profession may stand, we think he pays them but a poor compliment by intimating that their professional zeal for the success of their clients would compel them to swerve from a rigid observance of truth and veracity. But it is said, that they should be excluded for their own protection. A character above reproach, an integrity of purpose that cannot be questioned, which we are happy to say has distinguished the profession in

all ages, is the only protection that any person requires, to prevent suspicion or unjust imputation. While it sometimes becomes a matter of necessity for an attorney to testify in a case in which he is concerned, to prove the execution of papers, or as in this case, the correctness of an account; an attorney would certainly be negligent of his duty, were he to remain silent, and permit his client's interest to suffer, allow a just claim to be defeated, and the ends of justice subverted by reason of his professional position. While we say this, we are also free in saying that no respectable member of the profession, who properly appreciates his position in society, and at the bar, will so far forget the dignity of his profession, and his relation to the court, as to become the willing and pliant tool in the hands of his client in the capacity of witness. In this case, the court erred by excluding the testimony of Cowgill upon the ground of his interest, and although the question of the competency of attorneys to testify in behalf of their clients, is not properly raised in the bill of exceptions, yet as the practice is not uniform in the state upon that sub ject, and as we have been requested by counsel, to pass upon the question, we have thought proper to do so. The judgment of the court below, is reversed, and a trial *de novo* awarded.

Judgment reversed.

*A. & J. C. Hall*, for plaintiffs in error.

*Wright & Knapp*, for defendant.